JAMES ROSS and WILLIAM ·ROSS *v*. CHARLES PLEASANTS.

1. Where one, who has had a verdict and judgment in ejectment in his favour, brings partition for the land upon that *primâ facie* title, the defendant, pleading *non tenent insimul*, may prove that he has a good and valid title to the land in dispute superior to the plaintiff's title.

2. And so he may prove that the plaintiff is not, and never was, in the actual possession, and that he is in actual adverse exclusive possession.

ERROR to the Common Pleas of Northumberland.

*July* 30.    This was an action of partition by Charles Pleasants, plaintiff, against James and William Ross, defendants. The defendants pleaded *non tenent insimul*, and that they did not hold as set out in the declaration.

Upon the trial, the plaintiff gave in evidence the record of an action of ejectment between himself and these defendants, in which he obtained a verdict and judgment for an undivided moiety of a certain tract of land, being the same of which he now sought to have partition made ; and read the writ of partition and return, and rested.

The defendants offered to show, that they had a good and valid title to all the land of which partition was sought, and one superior to that of the plaintiff. The plaintiff objected to the evidence, and the court sustained his objection.

They then offered to prove, that the plaintiff was not and never had been in the actual possession of the property in controversy, and that they, the defendants, were in the sole and exclusive actual adverse possession of it when the writ of partition issued. The plaintiff objected to this evidence as irrelevant, and as being an attempt to try the title and right of possession which had been decided in the ejectment. The court sustained the objection.

The defendants asked the court to instruct the jury that the plaintiff was not entitled to recover, which the court (ANTHONY, President) refused to do, and instructed them that the plaintiff was so entitled.

The verdict was for the plaintiff.

The rejection of the evidence offered by the defendants consti-

tuted the first—and the answer to the point propounded by them, the second—assignment of error here.

*Hegins* and *Miller*, for plaintiff in error.—If we cannot show in this action what we offered, we will be for ever barred : § 1, Act 7th Ap. 1807 ; *Partition*, 7 Purdon, 909 ; Roscoe on Real Actions, 242, 339 ; 28 Law Library ; Herr v. Herr, 5 Barr, 429.   Decrees in partition not examinable collaterally: Painter v. Henderson, 7 Barr, 48 ; Snavely v. Wagner, 8 Barr, 396.

Adverse holding, previous to partition brought, bars a recovery in that form of action ; Law v. Patterson, 1 W. & S. 184, 191 ; Wilkins v. Wilkins, 1 Johns. Ch. R. 110.   The evidence was admissible under our pleas: Eell's Est. 6 Barr, 457.

*J. Pleasants* and *Bellas*, contrà.—1. We were not bound to establish our title again in partition after the decision upon it in ejectment.   That settled our tenancy in common : Martin v. Martin, 17 S. & R. 433 ; M'Masters v. Carothers, 1 Barr, 325 ; 6 Barr, 457 ; 4 Johns. R. 271 ; 1 John. Ch. R. 111 ; 5 Law Lib. 101.  After ejectment court refused to go into title in ejectment: Mann v. Drexell, 2 Barr, 102 ; 8 Rep. 26, 27 ; 1 W. & S. 184 ; Roscoe R. Actions, 131 ; Act of 1807, § 1–5 ; of February 1821, § 7 ; 7 Purdon, 909–11.

2. After the recovery in ejectment, actual occupancy was not necessary to maintain partition.   The seisin of one tenant in common is the seisin of the other.   They have unity of possession : Adams on Ejectment, 55 ; Co. Litt. 198 a, b.

Right to possession will support trespass, without actual occupancy or *possessio pedis*: Stutz v. Dickey, 5 Binn. 285 ; Mather v. Church, 2 S. & R. 513 ; 10 Wend. 629 ; 3 Stark. Ev. 1436 ; Ward v. Taylor, 1 Barr, 238.

Plaintiff may maintain trespass for *mesne* profits, without going into occupancy by *hab. fac. poss.* : Runnington Eject. 442 ; Adams, 330 ; 3 Cowan, 36 ; Bull. N. P. 87, 88 ; 2 Stra. 960 ; M'Gill v. Ash, 7 Barr, 397.   Ejectment establishes the title : Chambers v. Lapsley, 7 Barr, 24.

Actual corporeal seisin is not necessary to enable tenant in common to maintain partition : 14 Mass. R. 488 ; Barnard v. Pope, S. P. 5 Conn. 295 ; Allnutt on Partition, 53 ; 5 Law Lib.

The opinion of this court was delivered by

. COULTER, J.—Every one at all conversant with the land titles of Pennsylvania, knows, that there is often a blue and a better

blue, an inferior and a superior title. If an individual had an elder warrant, survey, and patent, and some other individual having a junior warrant, survey, and patent, should sell one moiety of the tract to a third person, who should institute an action of partition (having obtained a temporary possession on a corner of the tract), against the owner of the prior title, also resident on the land, could not he give evidence of his title under the plea of *non tenent insimul*; or, would he be compelled to submit to a judgment *quod partitio fiat*, with his hands manacled, although he had in his possession the highest evidence that he did not hold together with the plaintiff, but holds in his own right, by a title superior to that of the plaintiff?

The plea undoubtedly means something; and if it does not mean that the allegation of the plaintiff is not true, I do not know what else it means. It is a direct issue; the plaintiff alleges that he holds together in common with the defendant. The defendant replies, that he does not hold with the plaintiff, or in common with him. Is not evidence that he holds by a title paramount to that of the plaintiff, a clear maintenance of his plea? A jury are not precluded from finding the truth of the fact where it is directly within the issue, and where they cannot answer to the issue, without considering it. Whether the parties hold together and undivided, is the very issue created by the plea of *non tenent insimul*, and if one has a perfectly good title for the whole premises he cannot hold in common with him whose title is worth nothing.

But the court below thought the defendant was estopped by the verdict and judgment in favour of the plaintiff for a moiety. There was the mistake. The plaintiff did not take the fruits of his judgment. If he had taken possession, the defendant could have brought his ejectment, and had the matter reinvestigated. That was not done. The plaintiff lies on his oars four or five years, and then brings partition, and contends that the defendant cannot controvert his title. That would be to make one verdict in ejectment conclusive of the title, directly in the face of the act of Assembly. This cannot be allowed. The plaintiff says, that after judgment in partition, the defendant might bring his action of ejectment. That, however, is doubtful. Indeed it is almost certain that he could not; at all events, he would have to allow himself to be ousted of one half by partition, when the plaintiff could not by execution do it without issuing a *scire facias*.

The plaintiff showed no title but a record of the suit in which he recovered by ejectment one moiety of the land in question. The

defendant then having pleaded *non tenent insimul*, offered to prove 1st. That the defendant had a good and valid title to all the land in dispute, superior to the title of the plaintiff.

The court overruled the evidence.

2d. That Charles Pleasants, the plaintiff, is not, and never was in actual possession; that the defendants are in the sole and exclusive actual adverse possession of the property, and were so, even at the time suit was brought.

We think the evidence offered in the first bill of exceptions ought to be admitted, as directly tending to maintain the issue on the part of the defendant. The only title shown by the plaintiff is the verdict and judgment. That is only *primâ facie* evidence of title, not conclusive, and may be overcome in partition as it may in ejectment. Courts cannot give the verdict and judgment greater force than the law gives to it.

The evidence in the second bill ought also to have been admitted. It is fairly within the range of the issue, and may conduce to elucidate some points of the case, even although the verdict be considered as giving the plaintiff a *primâ facie* case. It might, with other facts under the first offer, conduce to show that the plaintiff got the verdict on account of the defendant's being unprepared for trial, and that therefore he set so little store by it, that he did not take out execution or follow up his judgment to actual possession. In this way it would diminish the force of the verdict.

In case of no title whatever being shown but the judgment, this would be entitled to some weight in aid of the defendant's title It is relevant and pertinent to the issue.

We think the court erred in excluding all evidence of title and possession in the defendant, and upon that basis instructing the jury that the plaintiff was entitled to recover.

Judgment reversed, and a *venire de novo* awarded.